972 F.2d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antonio Raul AYALA-CHAVEZ, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70262.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 20, 1992.*
Decided Aug. 26, 1992.
 
 Before EUGENE A. WRIGHT, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio Ayala-Chavez ("Ayala") petitions for review of a Board of Immigration Appeals ("BIA") decision upholding an immigration judge's ("IJ") denial of Ayala's application for discretionary relief from deportation under 8 U.S.C. § 1182(c). The gist of Ayala's argument on appeal is that the BIA improperly considered, inter alia, an incorrect version of his state driving record as evidence of Ayala's insufficient rehabilitation from the drug offenses that formed the basis of the IJ's uncontested finding of deportability under 8 U.S.C. § 1251(a)(11). We reject Ayala's contentions and affirm the BIA.
 
 
 3
 In Ayala-Chavez v. U.S. Immigration & Naturalization Serv., 944 F.2d 638 (9th Cir.1991), an IJ denied section 1182(c) relief to an applicant on facts strikingly similar to those presented in the instant case.[1] On appeal from that decision, the BIA balanced such equities as the petitioner's long-time residence in the United States, his steady employment record, and his close ties to and financial support of his family here, including several members who are American citizens, against the petitioner's single drug conviction and poor driving record, and concluded that the equities, while substantial, were nevertheless outweighed by the petitioner's criminal record. Id. at 640, 642. Citing many of the same authorities relied on by Ayala here,[2] we held that the BIA had not abused its discretion in reaching that conclusion. Id. at 641-42.
 
 
 4
 In light of the above, we reject Ayala's argument that the BIA should not have considered his record of traffic offenses in conjunction with his criminal conviction on the two drug charges. See Ayala-Chavez, 944 F.2d at 642 ("lesser [traffic] offenses" properly joined with consideration of single drug conviction in denying relief under 8 U.S.C. § 1182(c)). As for Ayala's contention that the evidence does not support the BIA's conclusion that he had been twice convicted in the state courts of driving while intoxicated ("DWI"), we note that, while the BIA acknowledged there was some dispute on this point,[3] Ayala himself testified that he had been convicted twice on DWI charges. See CAR at 169, 171. Finally, there was nothing improper in the BIA's taking into consideration Ayala's own testimony that, despite his admitted alcohol problem, he continued to drink and frequent the pool hall where he had sold cocaine to a police informant on two different occasions.[4]
 
 
 5
 Finding no merit to Ayala's remaining arguments, and in light of our narrow standard of review, we cannot say that the BIA abused its discretion in denying the relief requested. See Ayala-Chavez, 944 F.2d at 642.
 
 
 6
 The petition is DENIED and the decision of the BIA is AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and record per Fed.R.App. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This striking similarity is due in no small measure to the fact that the petitioners in the two appeals are brothers
 
 
 [2]
 See, e.g., Matter of Marin, 16 I. & N. Dec. 581 (1978); Matter of Buscemi, Int.Dec. 3058 (BIA 1984); Matter of Edwards, Int.Dec. 3134 (BIA 1990)
 
 
 [3]
 See, e.g., CAR at 3, n. 1 ("In his brief, the respondent contends that he has only a single conviction for dirving [sic] wihile [sic] intoxicated because prosecution on the second charge was deferred and the case was dismissed after he completed an alcohol abuse treatment program.") and at 9 ("His wife testified that after his release from prison, the judge before whom he appeared dismissed the second charge of driving while intoxicated.")
 
 
 [4]
 In reaching this conclusion, we note that any error resulting from the IJ's admitting the police report(s) into evidence was harmless, since neither the IJ nor the BIA relied on them in reaching their respective decisions. See CAR at 9